ARGONAUT HOLDINGS, INC. *vs.* CREST, INC. November 9, 1998. *Supreme Judicial Court,* Appeal from order of single justice. *Summary Process.*

Argonaut Holdings, Inc. (petitioner), appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3.

The petitioner, the owner of real estate on which Crest, Inc., operates an automobile dealership, commenced a summary process action in the Woburn District Court against Crest for possession. Shortly thereafter, Crest commenced an action in the Superior Court seeking a declaratory judgment regarding the parties' rights under the lease, and other relief. Crest then moved to enjoin the summary process action, or to have it transferred to the Superior Court and consolidated with the Superior Court proceeding. A Superior Court judge denied the request for an injunction and allowed the motion to transfer the summary process action. The judge also denied the petitioner's motion seeking a ruling that the Uniform Summary Process Rules would apply to the consolidated action.

The petitioner then unsuccessfully sought, from a single justice of the Appeals Court, relief under G. L. c. 231, § 118, first par. The single justice also denied the petitioner's request for a report to the full bench of that initial denial.

The petitioner, having turned to a single justice of this court for relief under G. L. c. 211, § 3, now requests full court review of our single justice's denial of its petition. Although the petitioner first sought relief in the Appeals Court, we consider this appeal to be appropriately before us under rule 2:21 (1) because the argument to our single justice was focused on the action of the Superior Court judge.

The petitioner has not met its obligation under rule 2:21 (2) to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner claims irreversible harm in the alleged deprivation "of its right to remove an illegal occupant from its property expeditiously." The petitioner also argues that the question of the applicability of the summary rules will have become moot. Although not asserting a damages claim in its summary process action, the petitioner states, citing *Greenfield Country Estates Tenants Ass'n* v. *Deep*, 423 Mass. 81, 88 (1996), "that

money damages are 'inadequate to redress a deprivation of an interest in land.' " The petitioner does not explain why money damages would be inadequate in this instance. We have recognized "that money damages will often be inadequate." *Id.* The petitioner has not met its burden.[1]

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Daniel L. Goldberg, Charles L. Solomont, & James C. McGrath* for the petitioner.

---

[1] We do not include in our evaluation Crest's assertion that the petitioner "is actually collecting more rent now than it would if it relet the premises."

