KURT HOSPOT *vs.* SAMSON LUMPKIN.[1] September 24, 2003. *Practice, Civil*, Interlocutory appeal. *Housing Court. Supreme Judicial Court*, Appeal from order of single justice.

Kurt Hospot appeals from the denial of his petition for relief under G. L. c. 211, § 3, by a single justice of this court. Hospot had sought relief from

---

[1]By his mother and next friend, Philomena Lumpkin.

orders of a judge in the Housing Court granting partial summary judgment for Samson Lumpkin in the circumstances described below, and striking certain expert affidavits proffered by Hospot.[2] We affirm the judgment of the single justice.

Lumpkin commenced an action in the Housing Court against Kurt Hospot; Raymond Hospot; and Bellco Realty, Inc., claiming damages as a result of lead poisoning allegedly contracted in the apartment where he was living. Lumpkin's complaint alleged three counts: violations of G. L. c. 111, §§ 190 et seq.; G. L. c. 186, § 14; and G. L. c. 93A. On Lumpkin's motion, the judge ordered the entry of partial summary judgment for Lumpkin on the issue of liability on the first and third counts.[3] The judge concluded that the extent of Lumpkin's injuries and damages remained a matter for trial.

Hospot has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Because the entry of partial summary judgment and the order striking affidavits were interlocutory orders, we consider whether Hospot has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Hospot claims that an appeal from a final adverse judgment would be an inadequate remedy because, by that time, he would have been deprived of a fair trial on the remaining issues in the case owing to the Housing Court judge's having already ruled against him on the question of liability on two of the counts.[4] That claim is unconvincing. First, Hospot may, on appeal from a final adverse judgment, challenge the propriety of the Housing Court judge's orders granting partial summary judgment and striking affidavits. See *Spring v. Geriatric Auth. of Holyoke*, 394 Mass. 274, 279, 282-286 (1985); *Krasnecky v. Meffen*, 56 Mass. App. Ct. 418, 420 (2002). Second, Hospot has offered no adequate explanation why he cannot, on appeal from a final adverse judgment, challenge the fairness of his trial on the remaining issues if, as he claims, the trial is tainted by the interlocutory order granting partial summary judgment. Hospot has failed, therefore, to meet his burden under rule 2:21 (2).

The judgment of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*John J. Regan* for the defendant.

---

[2]Before filing his petition, Hospot unsuccessfully sought relief from a single justice of the Appeals Court under G. L. c. 231, § 118, first par., but, in his G. L. c. 211, § 3, petition, he sought review only of the order of the Housing Court judge. See *Argonaut Holdings, Inc. v. Crest, Inc.*, 428 Mass. 1017, 1017 (1998) ("Although the petitioner first sought relief in the Appeals Court, we consider this appeal to be appropriately before us under [S.J.C. Rule 2:21 (1), 421 Mass. 1303 (1995)] because the argument to our single justice was focused on the action of the Superior Court judge").

[3]There is no indication in the record before us that Lumpkin's claim under G. L. c. 186, § 14, has been resolved.

[4]Hospot claims, for example: "In a trial in which the judge announces to the jury at the outset . . . that the defendant has already been found at fault and liable to the plaintiffs, the defendant is severely prejudiced in the jurors' minds and eyes. That prejudice will be reflected in a higher verdict than would result if the jury had the opportunity to weigh all issues and hear and see the evidence and arguments refuting the plaintiff's claim of liability as well as causation and damages."